Tubxey, J.
delivered the opinion of the court.
On the 1st day of October, 1842, Samuel Orr, the plaintiffin error, entered into a written contract, by which he agreed with Benjamin Williams, the defendant in error, to pay him, on the ■25th day of December, 1843, thirty dollars, which might be discharged in a mule, horse, or colt, at valuation.
Upon the trial, (as appears from-the bill of exceptions,) it was proved that Orr, on the 15th day of December, TS43, tendered to Williams a horse, which he refused .to receive; but said, that if he could put him on him he would credit the note for what he was valued at, and each chose a man to value the horse, and he was valued at fifteen dollars. Williams did not accept the horse and did not credit the note with the fifteen dollars. It also appears, that on the day the note fell due, On-tendered another horse, which Wilson also refused to receive; he was valued at twelve dollaá®,nd a half: he was again tendered, together with two dollars and a half, making the fifteen dollars, which Orr claim^l to be the amount due on the note, after- deducting the fift^n dollars for the first hprse tendered. Williams received the two dollars and a half, credited the note with it, and sued the payor for the balance. &
Upon the trial in the Circuit Court, the Jud^e charged the jury, “that the payor of the note could not make a tender of the property specified in the note*before it%as due, so as to force *424 the payee to receive it; and although he could on the day the note fell due discharge himself by tendering or delivering a horse of less value than $30 and the balance in money, yet he could not deliver a horse at one time before the note was due, and a horse and money when the money became due, and discharge himself, unless the plaintiff agreed that he might do so.” This charge, it is contended, is erroneous. We think it is substantially correct; and that the tender, as proved, was illegal.
The contract was, that the debt might be discharged in a horse, mule, or colt; not in horses, mules, or colts. It is obvious, that the payee might find it to his interest to have a horse, mule, or colt, worth thirty dollars, and very much to his injury to have two or three of either, worth ten or fifteen dollars each. Moreover, it is obvious from the proof, that the tender was not made in good faith, but was an attempt to palter with the contract. The horse first tendered was a stallion, valued at fifteen dollars; the second, as one of the witnesses said, was a stump sucker, and valued at twelve dollars and a half. Surely no fair man would tender two* such horses in payment of a thirty dollar debt; and surely no rational man could be expected to receive them.
Let the judgment be affirmed.